UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NA MAIN STREET LLC,<br>EARL F. HAMM, JR.,<br>AFI VENTURES, LLC, and<br>TAD THOMAS,<br><br>        Plaintiffs,<br><br>        vs.<br><br>JESSICA ALLEN Chairwoman of<br>the Indiana Alcohol and Tobacco<br>Commission, ERIC HOLCOMB, Governor<br>of Indiana,and TODD ROKITA, Attorney<br>General of Indiana,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No.:1:20-cv-01335-SEB-DML<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **PLAINTIFFS' MOTION FOR PERMANENT INJUNCTION**

COME NOW, Plaintiffs, by counsel, and respectfully request that the Court enter a permanent injunction, and in support thereof state as follows:

1.    On December 22, 2020, this Court issued a Preliminary Injunction, ordering that "Defendants and their respective agents, officers, employees, and successors, and all persons acting in concert with each or any of them or under their direction or control are hereby PRELIMINARYILY ENJOINED from implementing, enforcing, administering, invoking, or giving any effect to the residency and minimum food sales requirements codified at Ind. Code §§ 7.1-3-21-5.4(a) and 7.1-3-21-6(a)(10)(B)(i)." (Filing No. 39).

2.    On the same day, this Court issued an opinion on the preliminary injunction, and concluded that "NA Main Street is highly likely to succeed on the merits of its claims that §§ 7.1-3-21-5.4(a) and 7.1-3-21-6)(a)(10)(B)(i) are violative of the dormant Commerce Clause."

(Filing No. 38 at 17).  This Court stated further that "NA Main Street has satisfied its burden of showing that, absent injunctive relief, it is suffering and will continue to suffer irreparable harm for which no adequate legal remedy exists." (Filing No. 38 at 20).  Finally, this Court found "no identifiable harm that will be suffered by the State from the issuance of a preliminary injunction in this case. To the contrary, NA Main Street will continue to be subject to the State's violation of its constitutional rights under the dormant Commerce Clause as well as the loss of its economic and reputational investments." (Filing No. 38 at 21-22).

3.      With respect to the constitutionality of the challenged statutes, this Court held "that the requirements set out in Ind. Code §§ 7.1-3-21-5.4(a) and 7.1-3-21-6(a)(10)(B)(i) clearly discriminate against interstate commerce." (Filing No. 38 at 11). Thus, the statutes "can withstand scrutiny as to their constitutionality only if . . . they are narrowly tailored to serve legitimate purposes." (Filing No. 38 at 12).  This Court held further, "[b]ecause the State's proffered laundry list of 'legitimate purposes' cited as its justification of the obviously discriminatory statutes lacks any evidentiary support, we will not expend further judicial efforts to address them." (Filing No. 38 at 16).

4.      Because the challenged statutes are clearly discriminatory and there is no evidence that they serve a legitimate purpose, a permanent injunction is appropriate.[1] The Seventh Circuit has found that converting a preliminary injunction into a permanent injunction is proper when a statute is determined to be unconstitutional. *Penn. Cent. Corp. v. U.S. R.R. Vest*

---

[1] The Supreme Court has stated, "[t]o obtain a permanent injunction, the plaintiff must demonstrate that: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

*Corp.*, 955 F.2d 1158, 1164 (7th Cir. 1992).  Indeed, the Seventh Circuit could not "see any basis on which the defendants can resist the entry of a permanent injunction against the enforcement" of an unconstitutional statute. *Id*.

5.     The Federal Rules of Civil Procedure permit the consolidation of a preliminary injunction proceeding into a permanent injunction. *See D. Patrick, Inc. v. Ford Motor Co*., 8 F. 3d 455, 458 (7th Cir. 1993).  Federal Rule of Civil Procedure 65(a)(2) provides, "[b]efore or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing."

6.     The Seventh Circuit has found, "a party contesting the entry of final judgment at the preliminary injunction stage must demonstrate prejudice as well as surprise." *D. Patrick, Inc.*, 8 F. 3d at 459.  Here, there is no prejudice or surprise.  On January 22, 2021, the parties discussed a motion for permanent injunction during a telephonic status conference with The Honorable Magistrate Judge Lynch, and the parties were in agreement that a motion for permanent injunction would be the most efficient procedure to dispose of this matter.  Further, during the status conference, counsel for the State informed the participants that they do not intend to engage in any additional discovery and do not have any additional evidence to provide.

7.     This case is strikingly similar to the recent Southern District of Indiana matter of *Indiana Fine Wine & Spirits, LLC, v. Cook, et. al.*, 459 F. Supp. 3d (S.D. Ind. 2020) where this Court granted a motion for preliminary injunction and subsequently converted that Order into a permanent injunction.  The permanent injunction was granted without a hearing and the State did not appeal that Order.  Here, the parties agreed that oral argument was unnecessary on the preliminary injunction, and this Court agreed (Filing No. 38 at n.1).

WHEREFORE, Plaintiffs respectfully request that this Court (1) consolidate the preliminary injunction proceeding with a trial on the merits; (2) issue a permanent injunction barring Defendants from enforcing the residency and minimum food sales requirements codified at Ind. Code §§ 7.1-3-21-5.4(a) and 7.1-3-21-6(a)(10)(B)(i); (3) issue an entry of final judgment in Plaintiffs' favor; and (4) issue all other just and proper relief, including an award of attorneys' fees and costs as authorized by 42 U.S.C. § 1988, pursuant to a petition for attorneys' fees following the final judgment.

Respectfully submitted,

/s/ James E. Porter
James E. Porter (Attorney No. 28011-49)
Joseph Beutel (Attorney No. 35085-49)
Robert D. Epstein (Attorney No. 6726-49)
James A. Tanford (Attorney No. 16982-53)
EPSTEIN COHEN SEIF & PORTER, LLP
50 S. Meridian St., Suite 505
Indianapolis, IN 46204
Tel:  317-639-1326
Fax:  317-638-9891
james@jeporterlaw.com
joe@beutellaw.com
Rdepstein@aol.com
tanfordlegal@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on February 15, 2021, I electronically filed the foregoing document by using the CM/ECF system.  I certify that the following parties or their counsel of record are registered as ECF Filers and that they will be served by the CM/ECF system:

Jill G. Haddad
Jefferson Garn
Lauren Jacobsen
Deputy Attorneys General
OFFICE OF INDIANA ATTORNEY GENERAL

   /s/ James E. Porter
James E. Porter (#28011-49)
EPSTEIN COHEN SEIF & PORTER, LLP

4