UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NA MAIN STREET LLC, ) | |
| EARL F HAMM, JR, ) | |
| AFI VENTURES LLC, ) | |
| TAD THOMAS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 1:20-cv-01335-SEB-DML |
| ) | |
| JESSICA ALLEN CHAIRWOMAN OF THE ) | |
| INDIANA ALCOHOL TOBACCO ) | |
| COMMISSION, ) | |
| ERIC HOLCOMB Governor of Indiana, ) | |
| CURTIS HILL Attorney General of Indiana, ) | |
| TODD ROKITA Indiana Attorney General ) | |
| Substituted for Curtis Hill 1/19/2021, ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING MOTION FOR PERMANENT INJUNCTION**

Plaintiffs NA Main Street LLC, Earl F. Hamm. Jr., AFI Ventures, LLC, and Tad Thomas (collectively, "NA Main Street") initiated this civil rights lawsuit pursuant to 42 U.S.C. § 1983 on May 7, 2020, against David Cook, Chairman of the Indiana Alcohol and Tobacco Commission; Indiana Governor Eric Holcomb; and Indiana Attorney General Todd Rokita (collectively, the "State") in their official capacities. NA Main Street challenges the constitutionality of Ind. Code §§ 7.1-321-5.4(a) and 7.1-3-21-6(a)(10)(B)(i), which statutes require out-of-state limited liability companies operating Indiana retail establishments that serve alcohol by the drink to earn annual gross food sales exceeding $100,000, while not imposing any minimum food sales requirement on

1

Indiana limited liability companies. NA Main Street contends that these provisions of state law violate the dormant Commerce Clause of the United States Constitution.

Now before the Court is NA Main Street's Motion for Permanent Injunction. For the reasons set forth herein, this motion is **granted.**

Discussion

On December 22, 2020, we issued our order granting NA Main Street's Motion for Preliminary Injunction, holding that NA Main Street had satisfied the threshold requirements for such relief. We specifically determined that "NA Main Street is highly likely to succeed on the merits of its claims that §§ 7.1-3-21-5.4(a) and 7.1-3-21-6)(a)(10)(B)(i) are violative of the dormant Commerce Clause." [Dkt. 38, at 17]. We further concluded that "NA Main Street has satisfied its burden of showing that, absent injunctive relief, it is suffering and will continue to suffer irreparable harm for which no adequate legal remedy exists." [Dkt. 38 at 20]. The State, in contrast, would suffer "no identifiable harm from the issuance of a preliminary injunction," which prevents its enforcement of unconstitutional statutes. Finally, we held that a preliminary injunction would also serve the public interest by halting the enforcement of these statutes. [Dkt. 38, 21-22].

Consistent with these findings, we issued a separate, accompanying preliminary injunction, which included the following directive:

> Defendants and their respective agents, officers, employees, and successors, and all persons acting in concert with each or any of them or under their direction or control are hereby PRELIMINARYILY ENJOINED from implementing, enforcing, administering, invoking, or giving any effect to the residency and

minimum food sales requirements codified at Ind. Code §§ 7.1-3-21-5.4(a) and 7.1-3-21-6(a)(10)(B)(i)."

NA Main Street now requests that we convert this preliminary injunction into a permanent injunction and enter final judgment in its favor.

To avoid the "needless duplication of proceedings," the district court may convert a preliminary injunction into a permanent injunction without holding a trial on the merits. *Penn Cent. Corp. v. U.S. R.R. Vest Corp.*, 955 F.2d 1158, 1164, 1992 WL 16306 (7th Cir. 1992) (collecting cases); *see* FED. R. CIV. PRO. 65(a)(2). Such conversion is appropriate where, as here, a statute is determined to be unconstitutional on its face. *Id.* ("We cannot offhand see any basis on which the defendants can resist the entry of a permanent injunction against the enforcement of this statute that we have found to be unconstitutional.").

Only if the "party contesting the entry of final judgment at the preliminary injunction stage demonstrate[s] prejudice as well as surprise" must we refrain from converting the preliminary injunction into a final one and entering final judgment in these circumstances. *D. Patrick, Inc. v. Ford Motor Co.*, 8 F.3d 455, 459, 1993 WL 418409 (7th Cir. 1993). Here, no issues of prejudice or surprise have been raised and we perceive none to exist; indeed, we are informed that the parties have agreed that "a motion for permanent injunction would be the most efficient procedure to dispose of this matter."[1] [Dkt. 46, at 3]. Further, the parties "do not intend to engage in any additional discovery and do not have any additional evidence to produce." [*Id.*].

---

[1] Defendants reserve the right to challenge the merits of our ruling.

For these reasons, we agree that a trial on the merits is unnecessary and that the conversion of our preliminary injunction into a permanent injunction is appropriate here. NA Main Street's Motion for Permanent Injunction is granted. The specific scope of the permanent injunction is set forth in a separate, accompanying order.

## Conclusion

NA Main Street's Motion for Permanent Injunction, [Dkt. 46], is **granted.** The permanent injunction as well as final judgment shall enter by separate orders.

Because 42 U.S.C.§ 1988 provides that the prevailing party in a § 1983 action may recover its reasonable attorney's fees, Plaintiff shall file an application for fees, if any, under Fed. R. Civ. Pro. 54(d)(2), within fourteen (14) days from the date of this Order.

IT IS SO ORDERED.

Date: 4/5/2021

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Joseph Beutel
EPSTEIN COHEN SEIF & PORTER
joe@beutellaw.com

Robert David Epstein
EPSTEIN COHEN SEIF & PORTER
rdepstein@aol.com

Jefferson S. Garn
INDIANA ATTORNEY GENERAL
Jefferson.Garn@atg.in.gov

Jill Gagnon Haddad
INDIANA ATTORNEY GENERAL
jill.haddad@atg.in.gov

Lauren Ashley Lattea
INDIANA ATTORNEY GENERAL
lauren.lattea@atg.in.gov

James E. Porter, II
EPSTEIN COHEN SEIF & FLORA
james@jeporterlaw.com

James Alexander Tanford
EPSTEIN COHEN SEIF & PORTER
tanfordlegal@gmail.com